

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Patrick R. Rigney*
*Special Assistant United States Attorney*
*patrick.rigney@usdoj.gov*

*36 South Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

DIRECT: 410-209-4927
MAIN: 410-209-4800

June 8, 2026

The Honorable Paula Xinis
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 255
Greenbelt, MD 20770

      Re:   ***United States v. Daniel Cruz***
              **Criminal No. PX-24-210**

Dear Judge Xinis:

The Government submits this sentencing memorandum in advance of the sentencing hearing in the above-captioned matter, currently scheduled for June 18, 2026 at 1:00 p.m. Daniel Cruz ("Defendant") pleaded guilty to Count One of the Indictment in this case, charging him with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, 841(b)(1)(A). As set forth more fully below, the Government requests that the Court sentence the Defendant to a period of incarceration between 120 and 156 months, a sentence within the Sentencing Guidelines Calculation.[1] This sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

### Sentencing Guidelines Calculation

The Government adopts the findings of the Presentence Report ("PSR"), which accurately reflects the Defendant's base offense level of 32 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), with an additional 4 points due to the fact that the Defendant possessed the firearm and ammunition in connection with another felony offense, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(4). K2.1(b)(6)(B).

Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also anticipates moving at sentencing pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the PSR also accurately reflects that the adjusted offense level should be 29.

---

[1] The Federal Sentencing Guidelines generally direct the courts to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). Thus, the Government relies on the 2025 United States Sentencing Guidelines Manual.

Regarding the Defendant's criminal history category, the Government does not agree with the calculation in the PSR.  The Government notes that under U.S.S.G. § 4A1.2(c)(1), sentences for driving without a license or with a revoked or suspended license are not to count unless the sentence was a term of probation that exceeded one year or a term of imprisonment of at least 30 days.  All of the Defendant's offenses listed in the PSR involve driving on a suspended license, driving without a license, or driving under the influence.  The offenses listed in paragraphs 39, 42, 44, 45, 46, 47, 48, and 50 all received criminal history points.  While the language of the criminal offenses listed in the PSR includes both driving under the influence and driving on a suspended license, the Government accepts the calculation from the PSR of the Defendant's criminal history score except for paragraph 47, which states the Defendant was convicted of driving without a license and did not receive any sentence of imprisonment that exceeded 30 days nor probation that exceeded one year.  The Government notes that the remaining convictions all involved periods of incarceration that exceeded 30 days or probation that exceeded one year.  This would result in a criminal history score of 12, which would drop the Defendant's criminal history category to V.

The applicable guideline range for this offense level and criminal history is 140 to 175 months.  As further discussed below, the Government believes that a sentence between 120 and 156 months is reasonable under § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.      <u>The Nature and Circumstances of the Offense</u>

The crime is serious. The Defendant was part of a drug trafficking operation that spanned from California to Maryland.  The Defendant hid large quantities of cocaine in auto parts and shipped them across the country to an auto repair shop in District Heights, Maryland.  The total amount of cocaine attributable to the conspiracy exceeded five kilograms and was in fact over eighteen kilograms.  While one fright shipment was seized that contained over sixteen kilograms of cocaine, investigators identified eight other freight shipments made by the Defendant to Maryland that contained unknown quantities of cocaine.  Further, the actual trafficking of the cocaine by hiding it in auto parts and freight shipping them across the country was very sophisticated and wholly designed to elude law enforcement detection.  As shown in the images below, the secreted cocaine was virtually undetectable until the transmissions were removed from the crate and disassembled.



*Image of the auto transmissions that contained cocaine*



*Image of one of the transmissions with the oil pan removed and smuggled cocaine visible both inside the transmission and in the removed oil pan at the bottom of the image*



*Image of two transmissions and the cocaine discovered inside*

Although the Defendant has taken responsibility for his actions, there is no doubt that the Defendant was involved in trafficking large quantities of illicit narcotics into the State of Maryland through sophisticated means. The Defendant exposed the community and himself to grave harm. As such, the Government believes that a total sentence between 120 and 156 months imprisonment is warranted and sufficient.

II.    The History and Characteristics of the Defendant

The Defendant was 38 years old when he committed the instant offense. There are no youthful offender considerations here. The Defendant knew exactly what he was doing when he made the decision to traffic illicit narcotics across the country. The hiding of the cocaine in auto parts is testament to the plan to avoid detection by law enforcement and acknowledgement of the criminal nature of the scheme. His criminal history prior to the instant offense paints a discouraging picture.

The Defendant's convictions are entirely from driving offenses, to include driving under the influence and driving on a suspended license. He has served numerous periods in jail and has violated probation repeatedly. All in all, the Defendant served a sentence of imprisonment on ten different occasions, violating probation fourteen different times. Despite all of this, the Defendant then engaged in a drug trafficking operation that involved smuggling large quantities of cocaine across the country.

4

The prior arrests, sentences, and community supervision have not worked and are not working to correct the Defendant's behavior or protect the community. While the convictions in the Defendant's criminal history were not narcotics-related offenses, his experience with the judicial system and incarceration did not result in rehabilitation, but rather graduation to more serious felony-level crimes.

Given the aggravating factors of the offense and the Defendant's criminal conduct to date, a total sentence between 120 and 156 months is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III.     <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant</u>

A case like this one requires a sentence that will reflect the seriousness of the offense, deter crimes by other potential offenders, and protect the public from future such crimes by the Defendant.  As such, the Defendant should receive a substantial sentence.

The need for deterrence should also be considered. The Defendant's conduct, in combination with his character and history, is adequately reflected by a total sentence between 120 and 156 months imprisonment. Such a sentence is sufficient to provide both a general deterrent and specific deterrent effect. The Government is hopeful that, as this is his first federal conviction, this sentence will be a wakeup call for the Defendant to deter him from future criminal acts.

Considering all of the factors set forth above, the Government asks that the Court accept the Government's recommendation and sentence the Defendant between 120 and 156 months imprisonment. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


_____/s/_____

By:     Patrick R. Rigney
Special Assistant United States Attorney

Michael Jaskiw
Special Assistant United States Attorney

5